■ PETER VITELLARO et al., Appellants-Respondents, v EAGLE INSURANCE COMPANY et al., Respondents, and COUNTY OF NASSAU, Respondent-Appellant.—In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated March 29, 1988, as dismissed the complaint as against the defendants The Eagle Insurance Company and Material Damage Adjustment Corporation, and the defendant County of Nassau cross-appeals from so much of the same order as denied its cross motion to dismiss the complaint as asserted against it for failure to state a cause of action.

Ordered that the order is modified by deleting the provision thereof which granted the motion of the defendants The Eagle Insurance Company and Material Damage Adjustment Corporation to dismiss the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant insurance companies sought dismissal of the complaint pursuant to CPLR 3211 (a) (7) solely on the ground that a malicious prosecution cause of action was barred because the underlying criminal proceeding was not terminated in the plaintiff Peter Vitellaro's favor *(see generally, Colon v*

*City of New York,* 60 NY2d 78). The felony complaint filed against that plaintiff was dismissed on speedy trial grounds *(see,* CPL 30.30 [1]). Such a dismissal has been held to constitute a favorable termination because it implies a lack of reasonable ground for the prosecution *(see, Loeb v Teitelbaum,* 77 AD2d 92, *mod on other grounds* 80 AD2d 838; *Lenehan v Familo,* 79 AD2d 73, *appeal dismissed* 54 NY2d 680; *Reit v Meyer,* 160 App Div 752). The court therefore erred in granting the defendant insurance companies' motion to dismiss the complaint. However, the motion of the county defendant to dismiss the complaint on the same ground was properly denied. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.