■ ALAN H. JOSEPH, Appellant-Respondent, v LARRY DORMAN, P. C., Respondent-Appellant.—In an action to recover damages for libel, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated February 27, 1990, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint, and denied as academic the plaintiff's motion to preclude certain discovery. The defendant cross-appeals from so much of the same order as denied that branch of its cross motion which was to impose sanctions upon the plaintiff.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

This libel action involves a letter written by the defendant's principal to the plaintiff while the two were engaged as attorneys in litigating a matrimonial action. A written statement or one made in open court in the course of a judicial proceeding is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation *(see, Martirano v Frost,* 25 NY2d 505, 507; *Youmans v Smith,* 153 NY 214; *State-Wide Ins. Co. v Glavin,* 18 AD2d 629; *see, Klein v McGauley,* 29 AD2d 418, 420). We agree with the determination of the Supreme Court that the allegedly defamatory letter written by the defendant's principal was protected by absolute privilege since the letter was pertinent to the litigation between the parties. The absolute privilege

will apply to any statement that may possibly or plausibly be relevant or pertinent, with the barest rationality *(see, Grasso v Mathew,* 164 AD2d 476).

Although the letter is subject to an absolute privilege, we decline to impose sanctions upon the plaintiff under the circumstances of this case. Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.