Thomas L. **BAASCH**, Plaintiff,

v.

Edward M. **REYER** and Demchak Liquors, Inc., a.k.a. Michaels Liquors and Michael Fandrey and James Lydon (or John Doe), and Town of Riverhead (as defendant and/or respondeat superior), Defendants.

No. CV 90–4356.

United States District Court, E.D. New York.

Aug. 10, 1993.

Thomas L. Baasch, plaintiff pro se.

Kroll & Tract by Stanley E. Orzechowski, Mineola, NY, for defendants Reyer and Demchak Liquors, Inc.

Michael T. Clifford & Associates, Inc. by William Farrell, Riverhead, NY, for defendant Town of Riverhead.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

On November 24, 1992, this Court directed a verdict against Thomas L. Baasch ("Baasch" or "plaintiff") on his § 1983 action stemming from his arrest for trespass in a liquor store run by one of the defendants, Edward M. Reyer ("Reyer"). In addition, the Court declined to exercise supplemental jurisdiction over plaintiff's state claims and dismissed them without prejudice. On March 28, 1993, Baasch filed this motion requesting a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure and a stay of the judgment awarding defendant statutory costs pending the disposition of the Rule 59 motion pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. Defendants cross-moved for imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motion for a new trial is denied, as is his motion for a stay. Defendants' motion for sanctions is granted.

## I. BACKGROUND

On December 23, 1989, Baasch was arrested for criminal trespass in the third degree. These charges were eventually dismissed on speedy trial grounds. Baasch wanted to buy a bottle of vermouth from Demchak Liquors. When Baasch was informed that the liquor store was out of the specific brand of vermouth that he wanted, he became loud and began to use obscene language. Consequently, Reyer refused to sell Baasch any liquor and requested that he leave the premises. Upon Baasch's refusal to vacate the premises, Reyer summoned the police and initiated citizen's arrest proceedings. When the police arrived, Baasch requested that a cross complaint against Reyer be taken. This request was denied because of a police policy not to take cross complaints while pursuing an initial complaint.

In response to this incident, Baasch filed suit in this Court against Reyer, Demchak Liquors, the arresting officers, and the Town of Riverhead pursuant to 42 U.S.C. § 1983 and pendent state claims. Baasch claimed that Reyer and Demchak Liquors entered into a conspiracy with the police officers to deprive him of his constitutional rights. His claims against Reyer and Demchak Liquors include false arrest, malicious prosecution, and a violation of his Twenty-first Amendment right to purchase alcohol. Claims against the arresting officers and the Town of Riverhead included involvement in the conspiracy to deprive Baasch of his rights, a violation of his First Amendment rights, and the officers' refusal to accept Baasch's cross complaint against Reyer or to conduct an investigation into the matter.

At the conclusion of trial, this Court directed a verdict as a matter of law against Baasch on all federal claims. All federal counts concerning Reyer and Demchak Liquors were dismissed on the ground that Baasch offered absolutely no evidence of any conspiracy between the police officers and the private actors. Consequently, the Court found that Reyer and Demchak Liquors were not state actors and thus could not be sued under 42 U.S.C. § 1983. This Court also dismissed the Twenty-first Amendment claim, finding that contrary to Baasch's contention, the Amendment does not give him a constitutional right to purchase a particular brand of alcohol.

The claims against the police officers and Town were also dismissed. The civil rights claim based upon Baasch's allegation of false arrest and malicious prosecution were dismissed because this Court found that the officers had probable cause to arrest and prosecute Baasch based on the civilian complaint filed by Reyer. The First Amendment claim was dismissed because this Court found, as a matter of law, that the officers did not violate Baasch's First Amendment rights when they arrested him for his loud and obscene outburst in the liquor store. The failure of the police to accept Baasch's cross complaint against Reyer was dismissed for failing to state a federal cause of action. Because all the federal actions were dismissed, the Court declined to entertain any supplemental state claims against the police officers or Town.

After granting the directed verdict in favor of defendants, the Court scheduled a hearing on whether to impose sanctions against Baasch for prosecuting this frivolous law suit. Because of Baasch's status as a *pro se* litigant, the Court declined to impose sanctions at that time. However, Baasch was warned that the filing of any new frivolous actions would result in the imposition of sanctions against him. Despite that warning, Baasch brought on the present motion.

## II. DISCUSSION

### A. *Motion for a New Trial*

"There are three grounds for granting new trials in court-tried actions [1] under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright,* 588 F.2d 708,

---

1. The only distinction between a jury and non-jury trial with respect to granting a new trial is that in a jury trial, jury misconduct, jury error or any improper influence on the jury are additional grounds for granting a new trial. Here, although the case was tried before a jury, the fact that the Court granted a directed verdict removes the possibility of any jury-related grounds for granting the motion.

710 (9th Cir.1978). *See* 6A J. Moore, *Moore's Federal Practice* ¶ 59.07 (2d ed. 1992). Plaintiff's motion for a new trial is, to say the least, hardly a model of clarity. Given plaintiff's rambling and disjointed style, it is hard to determine the grounds he believes justify such relief. This Court has endeavored, however, to untangle plaintiff's claims and determine whether he states any legitimate grounds for ordering a new trial.

■ Plaintiff's first contention is that there existed a conspiracy to deprive him of his Seventh Amendment right to a jury trial. Apparently, plaintiff believes that by directing a verdict against him, this Court entered into a conspiracy with defendants to deprive him of his right to a jury verdict. Like his other conspiracy claim, Baasch offers no substantiation to support this serious allegation. This Court does not take lightly plaintiff's accusation, and Baasch is instructed to stop making unsubstantiated and far-fetched allegations of conspiracies. Because Baasch has offered no legitimate argument why the directed verdict should not have been entered, plaintiff's motion for a new trial is denied on this ground.

■ Plaintiff also uses this motion as a vehicle to reargue his underlying § 1983 claim against Reyer and Demchak Liquors. Plaintiff, however, fails to provide this Court with any new evidence to support his conspiracy claim. Accordingly, a motion for a new trial may not be granted on this ground.

■ Plaintiff also attempts to argue that this Court erred in dismissing the § 1983 claim against the officers based on a malicious prosecution theory, because the criminal charges against him were dismissed on a speedy trial violation and under New York law such a dismissal is considered a favorable disposition for the purpose of a malicious prosecution action. *See Vitellaro v. The Eagle Ins. Co.,* 150 A.D.2d 770, 541 N.Y.S.2d 614 (2d Dep't 1989). This Court notes, however, that a favorable disposition of the underlying criminal action is only one element of a malicious prosecution claim. Lack of probable cause is another required element. *See Colon v. City of New York,* 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248, 1249

(1983). Because this Court found that the officers had probable cause to arrest and prosecute plaintiff based on Reyer's civilian complaint, this Court finds that it did not err in dismissing this aspect of plaintiff's civil rights claim. Accordingly, plaintiff's motion for a new trial fails on this ground as well.

■ Plaintiff further submits that this Court erred by allowing into evidence his prior litigation in unrelated criminal matters and his repeated filings and attempted filings of frivolous criminal cross complaints in these matters. Rule 404(b) of the Federal Rules of Evidence specifically provides that prior acts are admissible to prove motive, intent and knowledge. "[E]vidence or prior crimes, wrongs, or acts is admissible for any purpose other than to show defendant's criminal propensity," *United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984), as long as it is "relevant to some disputed issue in trial, and satisfies the probative-prejudice balancing test." *United States v. Figueroa,* 618 F.2d 934, 939 (2d Cir.1980).

Here, it was not error to allow into evidence plaintiff's history of filing cross complaints against arresting officers or civilian complaining witnesses whenever he had a run-in with the law. It seems that Baasch employs this tactic as a means to compel complaining witnesses to drop their criminal charges against him. Such evidence is of probative value in assessing his motive in wanting to file a cross complaint in the case at hand and certainly does not compel a new trial.

■ Finally, plaintiff seems to be making the claim that a new trial should be granted pursuant to Rule 16 of the Federal Rules of Civil Procedure. Rule 16 provides that a court in its discretion may schedule pretrial conferences. Baasch argues that although this Court did schedule such a conference, the conference was a "sham." Plaintiff fails to explain how the pretrial conference prejudiced the trial. Moreover, by the very terms of the Rule, district courts are not required to schedule pretrial conferences. Thus, the idea that a new trial should be granted because of plaintiff's bald assertion that this Court somehow did not pay enough attention

to him at his pretrial conference is a strange proposition indeed. Nowhere in plaintiff's voluminous papers is there any authority supporting plaintiff's position. Nor does logic support such a result. Accordingly, this Court declines to grant a new trial based on some purported violation of Rule 16.

### B. *Imposition of Sanctions*

 Defendants ask this Court to sanction Baasch for bringing this vexatious motion. Although *pro se* parties are held to a more lenient standard than professional counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), nothing prevents a court from imposing Rule 11 sanctions on a *pro se* litigant who has not complied with the guidelines set forth in Rule 11. *Burnett v. Grattan*, 468 U.S. 42, 50 n. 13, 104 S.Ct. 2924, 2930 n. 13, 82 L.Ed.2d 36 (1984).

Rule 11 provides that sanctions may be imposed on a party who interposes any motion for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.Proc. 11. Under the Rule, attorneys and unrepresented parties must sign all motions, thereby certifying that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law. . . ." *Id.* In his motion for a new trial, Baasch set forth no facts or legal arguments which he could reasonably assume would entitle him to a new trial.

Although not an attorney, Baasch has shown some competence in finding and understanding the law. Moreover, when directing the verdict against him and at the earlier sanctions hearing, this Court explained to Baasch why his claims failed. Thus, Baasch was made fully aware of the legal and factual requirements of his claims. Yet, despite this knowledge, Baasch brought on this motion for a new trial, which in no way raises any factual or legal argument which could justify the relief sought. Under circumstances such as these, it is not improper to sanction Baasch. *See Cornett v. Bank of New York,* 1992 WL 88197, *6 (S.D.N.Y.) (since "[p]laintiff has shown an ability to find the law and make legal arguments . . . he may be held to a somewhat higher standard than other *pro se* parties").

This Court finds that Baasch interposed the instant motion for the sole purpose of harassing defendants and needlessly increasing the costs of this litigation. This Court had previously warned Baasch in clear and unmistakable terms that his underlying action was frivolous. Indeed, this Court seriously considered imposing sanctions against Baasch after the termination of the trial. This Court declined to sanction Baasch then only because of his *pro se* status.

This Court is now of the view that Baasch's status as a *pro se* litigant should not insulate him from the imposition of sanctions. Where, as here, a Court clearly places a *pro se* litigant on notice that his or her practice is sanctionable, the *pro se* litigant cannot be heard to complain that sanctions ought not be imposed because he or she is *pro se.* Such a result is unfair to the *pro se* litigant's adversary. Here, besides having to bear the expense of going to trial, defendants have been required to defend against a post-trial motion that is patently untenable. Consequently, this Court now grants defendants' motion for sanctions pursuant to Rule 11. Defendants have 30 days after entry of this order to schedule a hearing to determine the amount of sanctions that will be imposed against Baasch.

### III. CONCLUSION

For the above-stated reasons, plaintiff's motion for a new trial is denied. Defendants' motion for sanctions is granted. Defendants have 30 days from entry of this order to schedule a hearing to determine the amount of sanctions that will be imposed against Baasch.

SO ORDERED.