■ NABIL GHALY et al., Appellants, v KAROUZIN R. MARDI-ROS, Respondent. [611 NYS2d 582] —In an action, inter alia, to recover damages for libel and slander, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered June 30, 1992, as granted those branches of the defendant's motion which were for summary judgment dismissing the first, second, and third causes of action and denied those branches of their cross motion which were to amend those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly found that the plaintiffs' allegations in the first three causes of action to recover damages for intentional torts arising out of two letters written by the defendant's attorney dated June 29, 1990, and July 27, 1990, were untimely (see, CPLR 215 [3]). The allegations made in the plaintiffs' counterclaim in a prior third-party action brought by the defendant did not specifically state a cause of action arising from statements made in those letters and therefore did not toll the one-year Statute of Limitations pursuant to CPLR 203 (d).

Furthermore, the causes of action sounding in defamation

arising out of statements made by the defendant in her third-party complaint were properly dismissed on the grounds that those statements were absolutely privileged *(see, Martirano v Frost,* 25 NY2d 505, 507; *Joseph v Larry Dorman, P. C.,* 177 AD2d 618; *Wekstein v Romm,* 87 AD2d 867, 868). The cause of action sounding in intentional infliction of emotional distress based upon those same statements in the third-party complaint were also properly dismissed as duplicative *(see, Fischer v Maloney,* 43 NY2d 553, 557-558; *Sweeney v Prisoners' Legal Servs.,* 146 AD2d 1, 7; *Rozanski v Fitch,* 113 AD2d 1010).

The remaining allegations in the first three causes of action of the plaintiffs' complaint were either untimely (CPLR 215 [3]) or were not pleaded with sufficient particularity (CPLR 3016 [a]; *see generally, Varela v Investors Ins. Holding Corp.,* 185 AD2d 309, 310, *affd* 81 NY2d 958; *Matter of Gleich v Kissinger,* 111 AD2d 130, 131; *Randaccio v Retail Credit Co.,* 43 AD2d 798, 799; *Laiken v American Bank & Trust Co.,* 34 AD2d 514). Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.