Ernesto **MURPHY**, Plaintiff,

v.

John **LYNN**, Daniel Weisberg, Town of Clarkstown, Town of Clarkstown Police Department and William Collins, Defendants.

No. 93 Civ. 7810 (CLB).

United States District Court, S.D. New York.

Nov. 9, 1995.

---

Donald Yanella, Iannuzzi & Iannuzzi, New York City, for plaintiff.

Joseph Maria & Joseph Zecca, White Plains, NY, for defendants.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

This civil rights action based upon 42 U.S.C. § 1983 is here following remand on May 5, 1995 by the Court of Appeals of the Second Circuit. *Murphy v. Lynn,* 53 F.3d 547 (2d Cir.1995) That Court held that the District Court properly dismissed the plaintiff's claims for false arrest and excessive force as being barred by the statute of limitations, but that plaintiff's claim for malicious prosecution was timely filed and that dismissal of that claim was erroneous, because the statute does not begin to run until an acquittal on the underlying charges.

By motion fully submitted on November 3, 1995, defendants now move to dismiss the remainder of plaintiff's complaint. While no specific rule is cited as a basis for the motion, since an affirmation was submitted with the motion, it is assumed to be pursuant to Rule 56, F.R.Civ.P.

This action arises out of events occurring on November 13, 1989, when plaintiff, while driving with his girlfriend, was stopped by defendant officer John Lynn of the Clarkstown Police Department. After Mr. Murphy was issued a traffic ticket the encounter turned hostile. Additional officers were called and Murphy was arrested on various charges including assault, resisting arrest and disorderly conduct.

After a significant delay, Mr. Murphy was indicted on charges arising out of the event. As a result of the delay, Mr. Murphy moved for dismissal of the indictment on speedy trial grounds. On December 12, 1990, Judge Nelson of the County Court of Rockland County found that Murphy was denied his right to a speedy trial pursuant to New York Criminal Procedure Law § 30.30 and dismissed all charges.

On November 10, 1993, Mr. Murphy filed the complaint in this action under 42 U.S.C. § 1983 charging the Town of Clarkstown and the police officers involved in his arrest with violations of his First, Fourth, Fifth and Fourteenth Amendment rights, for deprivations of liberty without due process, unlawful arrest, excessive force, and malicious prosecution. After discovery, and on the brink of trial, the defendants moved to dismiss all charges as being time barred. The applicable statute of limitations was three years and the complaint was not filed until nearly four years after the arrest had occurred. This Court held that the federal civil rights claims were time barred and dismissed the lawsuit. The amended judgment dismissed the pendant state law claims without prejudice. Included in the state court claims was a claim for malicious prosecution under New York common law.

Our Court of Appeals held that Mr. Murphy's federal (§ 1983) claim for malicious prosecution was not time barred as the statute of limitations for such a claim did not begin to run until after the underlying criminal action was terminated in his favor. The Court of Appeals affirmed in all other respects and expressly declined to determine the sufficiency of the remaining malicious prosecution claim.

Defendants now seek dismissal of plaintiff's remaining federal claim of malicious prosecution on the basis that (1) the plaintiff has failed to plead essential elements in a claim for malicious prosecution; and (2) plaintiff cannot show that the underlying prosecution terminated in his favor.

Plaintiff's federal claim for malicious prosecution alleges that the tortious conduct was in violation of the Fourth and Fourteenth Amendments to the Constitution. This Court, in order to assure itself that subject matter jurisdiction is properly invoked, must examine the complaint to determine if a *federal* civil rights claim for malicious prosecution does in fact exist in the context of this case. If the federal claim is lacking, this Court may dismiss the pendant state claim for common law malicious prosecution without prejudice, for lack of a valid federal question claim to support supplemental, or pendant jurisdiction.

■ In order to prevail upon a claim for malicious prosecution as a common law tort under New York State law the plaintiff need only show; (1) the initiation or continuation of criminal process against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) the lack of probable cause for commencing the proceeding, and; (4) actual malice as the motivation for the defendant's actions. *Rounseville v. Zahl*, 13 F.3d 625 (2d Cir.1994).

■ In an apparent effort to resist the federalizing of all state law torts committed by local officials, the Supreme Court has recently held that the Fourteenth Amendment right to substantive due process will not support a federal claim for malicious prosecution, *Albright v. Oliver*, —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), therefore, Murphy's claim for malicious prosecution under § 1983 must rest upon the Fourth Amendment.

■ Where, as here, malicious prosecution is pleaded as a federal claim under 42 U.S.C. § 1983, the plaintiff must allege and prove, as an additional element of his claim, "some post-arraignment deprivation of liberty that rises to the level of a Constitutional viola-

tion". *Singer v. Fulton County Sheriff*, 63 F.3d 110 (2d Cir.1995).

■ In this case the plaintiff does not allege any post-indictment deprivation of his liberty. Probably he could not do so. See transcript of deposition of plaintiff docketed September 14, 1994 in this action, at 51. *Singer*, decided by our Court of Appeals subsequent to the *Albright* case, provides a sufficient basis for dismissing the federal claim for malicious prosecution because Mr. Murphy does not show he was seized or deprived of his liberty in this case as a result of an abuse of legal process (the indictment). Accordingly, we need not reach the other element of a state or federal claim for malicious prosecution which is at issue in this case, namely whether the prosecution terminated favorably to plaintiff. New York law is clear that where a termination in favor of the accused is not based upon the merits, the dispositive inquiry, to be made factually, is whether the failure to proceed implies a lack of reasonable grounds for the prosecution. *Conway v. Village of Mount Kisco*, 750 F.2d 205 (2d Cir.1984). New York courts have found that the termination of underlying criminal proceedings on speedy trial grounds can constitute termination in plaintiff's favor for purposes of a malicious prosecution complaint. *Vitellaro v. Eagle Insurance*, 150 A.D.2d 770, 541 N.Y.S.2d 614 (2d Dept.1989). The order of Judge Nelson of the Rockland County Court dismissing Mr. Murphy's indictment presents factual questions regarding the delay and ultimate dismissal of the criminal proceedings. Plaintiff has not shown that the dismissal below is indicative of a lack of probable cause, contrasted with undue delay in bringing the case to trial because the prosecutors were beguiled by dilatory plea offers.

While *Singer, supra* provides a complete basis for granting defendants' motion, there is more in *Albright* which affects this case. Justice Kennedy joined by Justice Thomas issued a concurring opinion in which he questioned the availability of a malicious prosecution claim even if pleaded under the Fourth Amendment, when the state provides a post deprivation remedy for such conduct. Justice Kennedy cited *Parratt v. Taylor*, 451

U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) as holding that, "some questions of property, contract, and tort law are best resolved by state legal systems without resort to the federal courts, even when a state actor is the alleged wrongdoer. As we explained in *Parratt*, the contrary approach 'would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under 'color of law' into a violation of the Fourteenth Amendment cognizable under § 1983'" *Albright*, —— U.S. at ——, 114 S.Ct. at 818, *citing Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917. Justice Kennedy reasoned that because Illinois, like New York, provided a tort remedy for malicious prosecution the plaintiff should not have a right to a remedy under § 1983.

Because *Albright* did not plead a Fourth Amendment violation, Justice Rehnquist, in writing the opinion for the Court, never reached the question of whether § 1983 provides a remedy for malicious prosecution under the Fourth Amendment where the state provides an adequate remedy. We recognize that Justice Kennedy's opinion is dicta. However, it is dicta from a highly placed and solemn source.

The concurring opinion in *Albright* casts doubt on the prior learning in this Circuit, most of it more than ten years old, to the effect that malicious prosecution, even without a post indictment deprivation of liberty can always form the basis for liability under § 1983. See generally *White v. Frank*, 855 F.2d 956, 961 n. 5 (2d Cir.1988). *See also Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980). But, even before *Albright* the Fifth, Sixth and Eighth Circuit had repudiated the notion that a malicious prosecution claim can be brought under § 1983. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972 (8th Cir.1993). *Whatley v. Philo*, 817 F.2d 19 (5th Cir.1987), *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir.1987). In *Coogan*, the Sixth Circuit held:

"... [A]s the Supreme Court stated in *Baker v. McCollan*, "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquit-ted-indeed, for every suspect released." 443 U.S. at 145, 99 S.Ct. at 2695. The alleged injury caused by the city's prosecution of plaintiff did not result from a violation of the Constitution or laws of the United States. Even if plaintiff had been able to establish all the elements for a claim of malicious prosecution, his proper avenue of relief was the state tort action only, not a claim under § 1983. *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Only when "the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension" does § 1983 provide a remedy for a claim of malicious prosecution. (citations omitted)

For the reasons set forth above, defendants' motion is granted and the complaint is dismissed. Plaintiff may, if so advised, file an amended complaint within fifteen (15) days providing such amended complaint can allege truthfully that he was deprived of his liberty at some point in time subsequent to the handing up of the indictment in this case. Unless an amended pleading is filed within the time allowed the Clerk shall enter a final judgment which again shall be without prejudice to plaintiff's pendant claim under state law for malicious prosecution.

SO ORDERED.