Douglas A. HORTON, Plaintiff,

v.

TRANS WORLD AIRLINES CORPORA-
TION; American Airlines; U.S. Army;
Brigadier General Daniel, U.S. Army;
Charles Dent, U.S. Army; William M.
Louden, U.S. Army; Joseph P. Synovec,
U.S. Army; James H. Casper, U.S. Army,
Defendants.

Douglas A. HORTON, Plaintiff,

v.

William E. VITA; Gallagher Gosseen &
Faller; American Airlines Incorporated
& President & CEO, Defendants.

Nos. 95–CV–813 (JS), 96–CV–755 (JS).

United States District Court,
E.D. New York.

Sept. 13, 1996.

Douglas A. Horton, pro se, The Netherlands, for Plaintiff.

Tracey L. Salmon, Assistant United States Attorney, and Major Conrad S. Kee, U.S. Army Litigation Center, United States Attorney's Office, Eastern District of New York, Brooklyn, NY, William E. Vita, Gallagher Gosseen & Faller, Garden City, NY, for Defendants.

SEYBERT, District Judge:

In the instant related actions, plaintiff Douglas A. Horton, proceeding *pro se*, brings suit against a number of defendants in connection with an incident that transpired on January 25, 1992, whereby he was transported by military escort via a commercial flight from Belgium to New York in light of certain allegations that he had become absent without leave ["AWOL"] from the United States Army. Pending before the Court are motions filed by the defendants in these actions, seeking, *inter alia,* dismissal and summary judgment, and a series of motions filed by the plaintiff seeking various forms of relief. Most prominent at this juncture, however, are motions that the plaintiff recently filed to dismiss each of the captioned actions without prejudice against all of the defendants. Certain of the defendants, in turn, have opposed plaintiff's motion for dismissal in the earlier-filed action [the "95–CV–813 Action"], requesting instead that any such dismissal be entered with prejudice or conditioned upon plaintiff's payment of costs and attorney's fees. No opposing papers have been filed in response to plaintiff's request for dismissal without prejudice in the later-filed action [the "96–CV–755 Action"], although defendants' prior request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure remains pending.

## BACKGROUND

In the 95–CV–813 Action, plaintiff Douglas Horton alleges that, on January 25, 1992, he was kidnapped by the United States Army and transported from Belgium to New York without a proper warrant by means of a commercial airlines. According to declarations and documents filed by counsel on behalf of defendant United States Army and various individual defendants associated with the United States Army [the "U.S. Army Defendants"] in connection with their motion to dismiss plaintiff's complaint in the 95–CV–813 Action pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff had been classified as AWOL from his army unit in The Netherlands on July 23, 1991. On August 23, 1991, after being absent for 30 days, the plaintiff was dropped from the rolls of his unit. On January 22, 1992, the plaintiff returned to military control with the United States Army in The Netherlands.

On January 25, 1992, the plaintiff was transported, with an Army escort, from Europe to the United States by a commercial flight. The plaintiff does not allege that he suffered any physical injury during his trip from Brussels to New York. On January 31, 1992, the plaintiff was placed on excess leave pending action on a discharge in lieu of court martial. It appears that plaintiff subsequently was discharged from the United States Army effective April 21, 1992.

█ On February 28, 1995, plaintiff commenced the 95–CV–813 Action against Trans World Airlines,[1] American Airlines, and numerous U.S. Army Defendants. Upon filing its answer, defendant American Airlines moved for summary judgment, pursuant to Fed.R.Civ.P. 56(b), on the ground that plaintiff failed to commence this action within the two-year period prescribed by the Warsaw Convention—a treaty to which the United States is a party—which governs the liability of certain international carriers. In addition, the U.S. Army Defendants moved to dismiss plaintiff's complaint on various grounds. Common to each of the moving U.S. Army Defendants, however, was the assertion that, pursuant to the doctrine established in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and its progeny, this Court lacked subject matter jurisdiction over plaintiff's claims on the basis of sovereign immunity.[2]

In addition to interposing a series of motions accusing the defendants of bad faith in their conduct of litigation, plaintiff commenced the 96–CV–755 Action against American Airlines and both the attorney and the law firm that represented American Airlines in the 95–CV–813 Action. In the 96–CV–755 Action, the plaintiff alleges that the defendants defamed him by insinuating in American Airlines' moving papers in the 95–CV–813 Action that charges of desertion were being considered against him. The subject

defendants thereafter moved to dismiss the 96–CV–755 Action, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that plaintiff's cause of action is barred by absolute privilege because it arose in connection with a judicial proceeding. The defendants also moved for sanctions against the plaintiff pursuant to Fed.R.Civ.P. 11.

Before the Court could rule on any of the above motions, plaintiff moved to dismiss without prejudice each of these two actions as against all defendants. Plaintiff's motion to dismiss in the 95–CV–813 Action was opposed by both the U.S. Army Defendants and defendant American Airlines, who contend that said dismissal should be entered with prejudice, thereby precluding the institution of a new lawsuit concerning the same claims. In the alternative, defendant American Airlines requests attorney's fees and costs should the Court approve plaintiff's application for voluntary dismissal without prejudice. Plaintiff subsequently filed a reply memorandum expressing his preference for dismissal with prejudice should the Court be inclined to assess attorney's fees and costs. *See* Docket #72, at 8 (95–CV–813 (JS) June 10, 1996). No opposing papers have been filed in response to plaintiff's motion for voluntary dismissal of the 96–CV–755 Action.

## DISCUSSION

█ Rule 41(a) of the Federal Rules of Civil Procedure governs the terms and conditions that attach to a plaintiff's voluntary dismissal of his complaint. The initial matter to be considered is whether the plaintiff has filed "a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment...." Fed.R.Civ.P. 41(a)(1). In such event, the dismissal generally will be without prejudice. *See id.* An exception to this rule arises, however, where the plaintiff has previously

---

1. Trans World Airlines has not appeared in this action.

2. The *Feres* doctrine bars military personnel from suing the United States or other service members for alleged torts that occur "in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159; *see United States v. John-*

*son*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987). The *Feres* doctrine also bars *Bivens* claims against individual members of the armed forces. *See Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

filed a notice of dismissal in another court "based on or including the same claim." *Id.*. In that circumstance, the notice of dismissal, although preceding the filing of an· answer or a summary judgment motion, generally "operates as an adjudication upon the merits." *Id.* In addition, it is inconsequential whether the plaintiff has termed his document a notice of dismissal or a motion for dismissal. *See Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir.1976) (Titling of document as "Motion for Dismissal" rather than "Notice of Dismissal" is a "distinction without a difference."); *Sanchez v. Vaughn Corp.*, 282 F.Supp. 505, 507 (D.Mass.1968) (Caption of documents as "Motion" rather than "Notice" is without legal significance.).

In contrast, where the adverse party has filed either an answer or a motion for summary judgment before the filing of a motion for voluntary dismissal, Rule 41(a)(2) relegates the terms and conditions of dismissal to the district court's sound discretion. More specifically, this provision provides that, where such procedural posture exists, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R.Civ.P. 41(a)(2).

In the related actions at bar, three separate scenarios are presented. Beginning with the least complex, first, plaintiff has filed a motion for voluntary dismissal without prejudice in the 96–CV–755 Action prior to the filing of either an answer or a motion for summary judgment by any party to that action, although the defendants previously filed a Rule 11 motion for sanctions. Second, in the 95–CV–813 Action, the U.S. Army Defendants—who previously filed a motion to dismiss pursuant, *inter alia*, to Fed.R.Civ.P. 12(b)(1)—request that plaintiff's dismissal be entered with prejudice because plaintiff, on a prior occasion, voluntarily dismissed identical claims against them in lawsuits that he filed in the United States District Court for the District of Columbia. Finally, in the 95–CV–813 Action, defendant American Airlines—which has filed both an answer and a motion

for summary judgment—seeks dismissal with prejudice. In the alternative, this defendant requests that any dismissal without prejudice be conditioned upon plaintiff's payment of its attorney's fees and expenses. The Court will address each of these scenarios *seriatim*.

## I. Plaintiff's Motion for Voluntary Dismissal of the 96–CV–755 Action and the Issue of Rule 11 Sanctions

 Plaintiff filed his motion for voluntary dismissal of the 96–CV–755 Action prior to the filing of either an answer or a motion for summary judgment by any party to that action. Rather, the defendants in said action had merely moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). "[A] motion to dismiss under Rule 12 does not terminate the right of dismissal by notice." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2263, at 259 (2d ed. 1995) [hereinafter Wright & Miller]. This situation therefore falls squarely within Fed.R.Civ.P. 41(a)(1), and consequently dismissal must be without prejudice and unaccompanied by any conditions.

Notwithstanding this determination, a further question remains insofar as the defendants filed a Rule 11 motion for sanctions, in conjunction with their motion to dismiss, prior to plaintiff's request for voluntary dismissal. The basis for this Rule 11 motion is the plaintiff's asserted contravention of the well-settled principles of New York law which afford a litigant and its attorney an absolute privilege against defamation for statements made in a document filed in connection with a judicial proceeding. *See Block v. First Blood Assocs.*, 691 F.Supp. 685, 699 ·(S.D.N.Y.1988); *Ghaly v. Mardiros,·* 204 A.D.2d 272, 611 N.Y.S.2d 582, 582 (2d Dep't 1994); *Joseph v. Larry Dorman, P.C.*, 177 A.D.2d 618, 576 N.Y.S.2d 588, 589 (2d Dep't 1991).

 Rule 11 sanctions may be imposed after a Rule 41(a)(1) dismissal for conduct that took place before dismissal. *See* 9 Wright & Miller, *supra*, § 2367, at 322–23. Rule 11 applies not only to attorneys and represented parties, but also to *pro se* litigants. *See Fariello v. Campbell*, 860 F.Supp.

54, 71 (E.D.N.Y.1994). In this regard, Fed. R.Civ.P. 11(b), as amended in 1993, provides in pertinent part that when an unrepresented party presents a pleading to the court, the "unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—(2) the claims ... and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may award sanctions in such manner as it deems to be appropriate. *See* Fed.R.Civ.P. 11(c).

■ Although Rule 11 applies to *pro se* litigants, *pro se* litigants are held to a more lenient standard than professional counsel, with Rule 11's application determined on a sliding scale according to the litigant's level of sophistication. *See Fariello*, 860 F.Supp. at 71; *Baasch v. Reyer*, 827 F.Supp. 940, 944 (E.D.N.Y.1993); *Soling v. New York State*, 804 F.Supp. 532, 538 (S.D.N.Y.1992). In addition, courts that have imposed sanctions against *pro se* litigants frequently have attached importance to the fact that the litigant previously had been placed on notice that he or she was on the verge of violating Rule 11. *See, e.g., Fariello*, 860 F.Supp. at 71 (noting prior warning to *pro se* plaintiff); *Baasch*, 827 F.Supp. at 944 (court previously placed *pro se* litigant on notice that his conduct was sanctionable).

The Court regards the issue of whether Rule 11 sanctions should be imposed upon the plaintiff to constitute an extremely close call in light of the circumstances. In view of the fact that the Court has not previously admonished the plaintiff concerning this matter, no sanctions will be imposed in this instance. Nevertheless, the plaintiff is expressly placed on notice of his duty to conduct reasonable inquiry into the law, and that his failure to comport with this standard may result in the imposition of sanctions against him. Towards this end, plaintiff is hereby ORDERED to attach a copy of this Memorandum and Order to any complaint that he subsequently may file in the Eastern District of New York during the next five years.

## II. Plaintiff's Motion for Voluntary Dismissal against the U.S. Army Defendants in the 95–CV–813 Action

In the 95–CV–813 Action, the U.S. Army Defendants request that plaintiff's dismissal be entered with prejudice because plaintiff, on a prior occasion, voluntarily dismissed identical claims against them in lawsuits that he filed in the United States District Court for the District of Columbia. Authority for this proposition derives from Rule 41(a)(1), the last sentence of which provides "that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Fed. R.Civ.P. 41(a)(1).

■ Even assuming *arguendo* the identical nature of the claims that plaintiff voluntarily dismissed in the United States District Court for the District of Columbia, the Court regards the entry of dismissal with prejudice against these defendants to be unavailable in this case. This conclusion obtains in view of the Court's substantial concern that it lacks subject matter jurisdiction to adjudicate plaintiff's claims against each of the U.S. Army Defendants in view of the sovereign immunity implications of the *Feres* doctrine. Indeed, each of the U.S. Army Defendants has invoked lack of subject matter jurisdiction—by way of a motion brought pursuant, *inter alia*, to Fed.R.Civ.P. 12(b)(1)—as a basis to dismiss plaintiff's complaint. Because a dismissal with prejudice operates as an adjudication of the merits for purposes of res judicata, *see* 9 Wright & Miller, *supra*, § 2367, at 319–20, it would be highly anomalous for a court to enter a dismissal with prejudice where, as in the instant case, it is apparent that it lacks subject matter jurisdiction to adjudicate the claims asserted against the adverse parties in question. *See* Fed. R.Civ.P. 82 (The Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts...."). Accordingly, the plaintiff's voluntary dismissal against the U.S.

Army Defendants likewise shall be entered without prejudice and free of any conditions.

### III. Plaintiff's Motion for Voluntary Dismissal against Defendant American Airlines in the 95–CV–813 Action

Finally, defendant American Airlines requests that the plaintiff's voluntary dismissal of the 95–CV–813 Action against it be entered with prejudice. In the alternative, this defendant requests that any dismissal without prejudice be conditioned upon plaintiff's payment of its attorney's fees and expenses. Finding the latter alternative to be the more onerous, plaintiff has informed the Court of his preference, if required to choose between these two alternatives, that dismissal be with prejudice so as to avoid the imposition of costs. See Docket # 72, at 8 (95–CV–813 (JS) June 10, 1996).

■ Because defendant American Airlines has filed both an answer and a motion for summary judgment in the 95–CV–813 Action, plaintiff's motion for voluntary dismissal comes within the purview of Fed. R.Civ.P. 41(a)(2), and therefore must be approved by order of the court. Under Rule 41(a)(2), "[t]he court may impose terms and conditions on the dismissal." 9 Wright & Miller, supra, § 2364, at 273–74.

■ Dismissal under Rule 41(a)(2) is without prejudice unless the court specifies otherwise. See Fed.R.Civ.P. 41(a)(2). As Professors Wright and Miller explain, "dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby." 9 Wright & Miller, supra, § 2364, at 280–83. In contrast, however, "[d]ismissal in order to reinstate the action in a forum that will apply a different body of substantive law clearly is disfavored." Id. § 2364, at 288–89.

■ "In exercising its discretion under Rule 41(a)(2), the trial court will consider the expense and inconvenience to the defendant and will deny the motion if the defendant will be prejudiced seriously by a dis-

missal." Id. § 2364, at 293. In addition, "[t]he court will examine the possibility that any harm to the defendant may be avoided by imposing terms and conditions on the dismissal." Id. § 2364, at 293–96. Amplifying these concerns, the Second Circuit Court of Appeals has found the following factors relevant to a court's consideration of whether to grant a voluntary dismissal without prejudice:

the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir.), cert. denied, 498 U.S. 899, 111 S.Ct. 255, 112 L.Ed.2d 213 (1990).

In support of its contention that plaintiff's complaint should be dismissed with prejudice, defendant American Airlines directs the Court's attention to plaintiff's statement in his motion for voluntary dismissal that he may be inclined to reinstitute this action at some unspecified time and place in the future, perhaps bringing suit in Belgium or The Netherlands. Defendant further contends that the procedural posture directs against dismissal without prejudice in view of plaintiff's penchant for motion practice, a fact that is borne out by even a cursory review of the docket sheet.

■ The Court nevertheless is of the view that the totality of the circumstances weighs against an initial determination that this action should be dismissed with prejudice against defendant American Airlines. In this regard, the Court observes that the 95–CV–813 Action has been pending for approximately one-and-a-half years and that little discovery has occurred. More specifically, the Court notes that in support of its summary judgment motion, defendant American Airlines has relied to a considerable extent upon affidavits that the U.S. Army Defendants produced in connection with their motion to dismiss plaintiff's complaint. In addition, American Airlines has made no

showing of legal prejudice. Indeed, for the reasons stated in American Airlines' memorandum of law in support of its motion for summary judgment, it appears to the Court that defendant's limitations period defense under the Warsaw Convention is an absolute bar to plaintiff's maintenance of an action against it irrespective of the forum. Accordingly, dismissal of this case without prejudice is indicated.

■ Having tentatively concluded that dismissal of this action should be without prejudice, the Court next must determine "what terms and conditions, if any, should be imposed." *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D.Ga. 1980) (internal citations and quotations omitted). In this regard, courts generally will "require that the plaintiff pay the costs of the litigation." 9 Wright & Miller, *supra*, § 2366, at 306; *see id.* at 310; *Goldlawr, Inc. v. Shubert*, 32 F.R.D. 467 (S.D.N.Y.1962). "However, these costs cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily." 9 Wright & Miller, *supra*, § 2366, at 308.

■ In contrast, if the dismissal is *with prejudice*, a district court generally lacks the power to require the payment of attorney's fees. *See id.* § 2366, at 311–12.

Applying the foregoing principles to the case at bar, the Court is of the view that the appropriate condition to attach to plaintiff's voluntary dismissal without prejudice is the imposition of the reasonable costs and attorney's fees incurred by American Airlines in its defense of the 95–CV–813 Action.

■ The above determination does not conclude the Court's analysis, however, because the plaintiff has made clear his preference to dismiss this action with prejudice against American Airlines in lieu of an assessment of costs and attorney's fees. "The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous." *Id.* § 2366, at 316. "If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that re-

quest." *Id.* § 2367, at 318. In the case at bar, the plaintiff has expressly requested that this action be dismissed *with prejudice* should the Court be inclined to award attorney's fees and costs against him in connection with a dismissal without prejudice. Accordingly, the Court is constrained to comply with the plaintiff's election, and therefore the dismissal of the 95–CV–813 Action against American Airlines shall be entered *with prejudice*, and without the imposition of any costs or attorney's fees.

*CONCLUSION*

For the foregoing reasons, the Court enters the following orders in these related actions:

**A. 95–CV–813 Action**

1. Plaintiff's motion for voluntary dismissal against the U.S. Army Defendants is GRANTED without prejudice and without the imposition of any conditions.

2. Pursuant to plaintiff's election, dismissal of this action against defendant American Airlines shall be entered *with prejudice* and without the assessment of any costs or attorney's fees.

3. All other motions in this action are DENIED as moot.

4. The Clerk of the Court shall mark this case as closed.

**B. 96–CV–755 Action**

5. Plaintiff's motion for voluntary dismissal of this action is GRANTED without prejudice and without the imposition of any conditions.

6. Defendants' motion for Rule 11 sanctions against the plaintiff is DENIED.

7. Plaintiff is placed on notice of his duty to conduct reasonable inquiry into the law and that his failure to comport with this standard may result in the imposition of sanctions against him. Towards this end, plaintiff is hereby ORDERED to attach a copy of this Memorandum and Order to any complaint that he subsequently may file in the Eastern District of New York during the next five years.

8. All other motions in this action are DENIED as moot.

9. The Clerk of the Court shall mark this case as closed.

SO ORDERED.