■ CHIKA OGUAGHA, M.D., Appellant-Respondent, v ROPES & GRAY et al., Respondents-Appellants. [830 NYS2d 660]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered April 14, 2006, dismissing the complaint and bringing up for review the order of the same court and Justice, entered on or about March 29, 2006 granting defendants' motion pursuant to CPLR 3211 but denying defendants' motion for sanctions pursuant to CPLR 8303-a, and order, same court and Justice, entered August 9, 2006, which, upon renewal, to the extent appealed from, adhered to the April 14, 2006 judgment, unanimously affirmed, with costs.

The record establishes that plaintiff's defamation claim was not viable because the statements contained in the subject letter were absolutely privileged. Although defendant attorney, a member of defendant law firm and of the Massachusetts bar, was not admitted to practice in New York, he was acting of-counsel in the Brooklyn litigation and was assisting the attorney of record, who was a member of defendant law firm and a member of the New York bar, and the statements contained in the letter were clearly pertinent to the pending Brooklyn action (*see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163 [2007]).

Defendants' application for sanctions pursuant to CPLR 8303-a was properly denied. Although the subject letter was absolutely privileged, under the circumstances, the conduct of plaintiff and his counsel was not frivolous (*see Joseph v Larry Dorman, P.C.*, 177 AD2d 618 [1991]). Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.