Chief Judge Fuld.
The plaintiff, an attorney, brought this slander action seeking $50,000 in damages from the defendant, a layman, for casting aspersions on his professional integrity, in open court, during the course of a judicial proceeding. The defendant, claiming his statements were absolutely privileged, applied for and was granted summary judgment dismissing the complaint.
The alleged defamatory statements were made by the defendant on December 22, 1967, in open court, in connection with a complaint which he had filed in the City Court of New Rochelle charging one Anthony Lauro with “ giving [him] a bad check ”. The case had been on the calendar on two earlier occasions and, on each of those days, the proceeding had been adjourned and the defendant required to return at a later time. On the third adjourned date, December 22, the defendant was again in court when the case was called for trial by the judge presiding. At that point, the plaintiff arose, announced that he was representing the accused and requested a further postponement. The defendant thereupon, apparently for the purpose of questioning the propriety of the plaintiff’s appearance and his adjournment request, responded that he “ want[ed] to make a point ” that the plaintiff “ has just solicited [Lauro’s] case in court ”. It is the plaintiff’s position that these remarks were malicious, defamatory and beyond the bounds of privilege.
Since there can be no dispute or question that ‘ ‘ [t]he privilege embraces anything that may possibly be pertinent ’ ’ (Andrews v. Gardiner, 224 N. Y. 440, 445), it follows that a statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation. (See Feldman v. Bernham, 7 N Y 2d 772, affg. 6 A D 2d 498, 500; People ex rel. Bensky v. Warden, 258 N. Y. 55, 59-60; Youmans v. Smith, 153 N. Y. 214, 219; Chapman v. Dick, 197 App. Div. 551, 559; see, also, *508 Restatement, Torts, § 588, comment a.) In considering whether a particular statement is ‘ ‘ pertinent ’ ’ and, by that token, privileged, we are not limited, as has been urged, to the narrow and technical rules normally applied to determine the admissibility of evidence. Nothing that is said in the court room may be the subject of an action for defamation unless, this court has declared, it is “ so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice ”. (Youmans v. Smith, 153 N. Y. 214, 220, supra; see People ex rel. Bensky v. Warden, 258 N. Y. 55, 59, supra.) In other words, the statement must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame.
Applying this standard to the facts of the case before us, it is apparent that the defendant’s statements are protected by the absolute privilege. His remarks were undoubtedly prompted by the plaintiff’s unexpected appearance and application for an adjournment. The defendant, unschooled in the law, apparently believed that what he said bore directly on the propriety of the plaintiff’s representation of the accused and of his request to adjourn the case. It may well be that the statements were not, in fact, strictly relevant but no purpose would be served by speculating on this point. It cannot reasonably be claimed—■ to quote from the Bensky case (258 N. Y., at pp. 60-61) —that the statements were “impertinent beyond any question.” Neither the court at Special Term nor the Appellate Division was able to conclude that the defendant’s charge lacked any and all relevance to the proceeding, and certainly there is nothing in the statements, or in their context, which could reasonably lead a court to say that they were uttered for the sole purpose of maligning the plaintiff.
It may be unfortunate that the plaintiff must suffer an attack on his professional integrity without any means of judicial redress. But the possible harm to him as an individual is far outweighed by the need—reflected in the policy underlying the privilege here involved—to encourage parties to litigation, as well as counsel and witnesses, to speak freely in the course of judicial proceedings. To decide that a party speaks at his peril, if it later be determined that some statement of his was not *509 technically relevant to the issue involved, ‘ ‘ would be an impediment to justice, because it would hamper the search for truth and prevent making inquiries with that freedom and boldness which the welfare of society requires.” (Youmans v. Smith, 153 N. Y. 214, 220, supra; see People ex rel. Bensky v. Warden, 258 N. Y. 55, 59-60, supra; Marsh v. Ellsworth, 50 N. Y. 309, 312.)
The motion for summary judgment dismissing the complaint was properly granted, and the order appealed from should be affirmed, with costs.