■ Leon D. Star, Appellant, v Salvatore J. Simonelli, Defendant, and Walter J. Boyles, Respondent.—In a libel action, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 29, 1977, which, *inter alia*, granted defendants' motion to dismiss the complaint. Order affirmed, with $50 costs and disbursements to the respondent. Plaintiff, sued in a medical malpractice action by Salvatore Simonelli, who was represented by defendant Boyles, brought suit against them on the basis of certain allegedly defamatory statements made by them in connection with the malpractice action. The several statements for which plaintiff seeks monetary damages include characterizations of plaintiff as "wealthy and irascible"; a "butcher"; a "rodomontade who is universally disliked in the profession [and who] trades on allegations of influence and arrogates to himself hegemonic prerogatives". They stated of plaintiff that he was "reluctant to testify in view of the charges pending against him * * * before the Committee on Professional Medical Conduct, and * * * the multiplicity of suits"; that he had "mnemonic serendipity" and had been guilty of "gross fraud and misconduct"; that he was "involved in so many malpractice suits that all the Undersheriffs know him by sight from having served him"; and that he "goes wild and tries to assault people when an attempt is made to serve him". While some of these statements appear to be *ad hominem* and vitriolic attacks, perhaps unnecessary to success upon the malpractice action, others appear to be no more than an exercise of that trait which led defendant Boyles to refer to himself, aptly as it would seem, as a sesquipedalian. In either case, however, we find no error in the dismissal of the complaint. All of the statements were made in the course of judicial proceedings, to which they were relevant and, at least, possibly pertinent *(Youmans v Smith,* 153 NY 214). Under the liberal approach which is taken in determining this question *(Andrews v Gardiner,* 224 NY 440), no more than that is required to warrant the protection of absolute privilege *(People ex rel. Bensky v Warden of City Prison,* 258 NY 55). Moreover, it was not an abuse of discretion for Special Term to find that defendant Boyles would be justified in believing " 'that the language would have a tendency to move the court's discretion to grant the relief asked' ", a belief which removes the statements from any challenge on the ground that they "lack any possibility of pertinency" to the judicial proceedings *(Tonkonogy v Jaffin,* 41 Misc 2d 155, 156). The rule respecting the absolute privilege accorded statements made during the course of judicial proceedings is firmly grounded upon the public policy "encourag[ing] parties to litigation, as well as counsel and witnesses, to speak freely in the course of judicial proceedings" *(Martirano v Frost,* 25 NY2d 505, 508). The rule and its many applications in decisional

law, do not seek to justify defamatory language per se, but rather to protect the search for truth which is the heart of any and all judicial proceedings. As the court in *Martirano v Frost (supra,* p 508) noted, "It may be unfortunate that the plaintiff must suffer an attack on his professional integrity without any means of judicial redress." However, we believe it would be pollyannaish to ignore that fact of life which was well put more than a century ago by Carlyle when he wrote: "No man lives without jostling and being jostled; in all ways he has to elbow himself through the world, giving and receiving offense." Courts of law serve as sanctuaries of the rights of men, but not, we believe, of their sensibilities, so long as what is said therein bears or may bear some relevance and pertinence to the proceeding. Therefore, while we may view some of the challenged statements as ill-befitting a counselor of law, and we seek neither to condone nor encourage accusations of a defamatory nature, we find from the facts and circumstances of the medical malpractice action in which they were made, that the statements were not "so obviously impertinent as not to admit of discussion, and so needlessly defamatory as to warrant the inference of express malice" *(Youmans v Smith,* 153 NY 214, 220, *supra).* From the record in this case, defendant Boyles shows himself to be no mere logomachist, unconcerned with the eutaxy of judicial proceedings. In prosecuting the malpractice action on behalf of his client he encountered certain apparently unjustified obstacles to discovery to which many of the statements complained of have relevance and pertinence. Hence, we hold that considerations of policy mandate application in this case of the absolute privilege accorded statements made during the course of judicial proceedings. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.