■ MORTON N. WEKSTEIN et al., Appellants, v MILTON L. ROMM, Respondent. — In a defamation action, plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 13, 1981, granting defendant's motion for summary judgment dismissing the complaint. Order

affirmed, with $50 costs and disbursements. Plaintiffs brought this defamation action following statements made in the course of a prior action for breach of an agreement between the parties, all of whom are attorneys. Defendant associated himself with plaintiffs' law firm and agreed to share fees in connection with several tax certiorari proceedings. In the course of the prior action, defendant accused plaintiffs of wrongfully attempting to usurp control of the fees in the certiorari proceedings in violation of their agreement, thereby violating the Code of Professional Responsibility and the Penal Law. Special Term granted defendant's motion for summary judgment, holding that since defendant's statements were made in the course of a judicial proceeding, those statements enjoyed absolute immunity. We agree. A statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (*Martirano v Frost*, 25 NY2d 505, 507). In our view, defendant's statements were not so "obviously impertinent" or out of context so as to prevent the privilege from attaching (see *Youmans v Smith*, 153 NY 214, 220). Our courts have taken a liberal approach to this issue (see, e.g., *Andrews v Gardiner*, 224 NY 440, 445; *Star v Simonelli*, 76 AD2d 861). While we do not condone allegedly defamatory language, we do abide by the long-standing policy that the absolute privilege accorded statements made during the course of judicial proceedings promotes the search for truth (*Martirano v Frost, supra*, p 508; *Star v Simonelli, supra*, pp 861-862). The instant case is factually distinguishable from *Dachowitz v Kranis* (61 AD2d 783) where we held that the defendant's statements were not "pertinent" to the litigation. In the present case, defendant's statements related directly to the proceeding in which they were made. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.