■ Vito Salerno, Respondent, v Pandick, Inc., et al., Appellants.—Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered on or about March 5, 1988, which denied defendants' motion to dismiss the complaint, is unanimously modified, on the law and on the facts, to the extent of granting so much of defendants' motion as seeks to dismiss the third cause of action, and, except as thus modified, otherwise affirmed, without costs.

In September 1986, Mr. George L. Pote (Mr. Pote), who was executive vice-president of Pandick, Inc. (Pandick), informed Mr. Vito Salerno (Mr. Salerno), who had been comptroller of Pandick for 16 years, that his performance as comptroller was unsatisfactory, and, Mr. Salerno was asked to resign or he would be fired. Thereafter, on October 30, 1986, Mr. Salerno resigned, pursuant to a termination agreement, which included provisions for financial compensation upon his resignation.

At the time that Mr. Salerno executed the termination agreement, mentioned *supra,* he held, pursuant to an employee stock option agreement, an option to purchase 13,875 shares of Pandick. Prior to his resignation, Mr. Salerno did not exercise that option.

Subsequently, on November 12, 1986, two weeks after Mr. Salerno's resignation Pandick announced that it had received a leveraged buy-out proposal (proposal) from Mr. Anthony K. Moulton (Mr. Moulton), who was a corporate executive of Pandick, pursuant to which all outstanding stock would be purchased for $25.50 a share, which was a price much higher than Mr. Salerno would have paid for the stock, if, approximately two weeks earlier, he had exercised his options.

As soon as Mr. Salerno learned of this proposal, he notified Pandick of his election to exercise all of his stock options.

Pandick informed Mr. Salerno his right to exercise such options had expired on November 1, 1986, the effective date of his termination.

In December 1986, Mr. Salerno (plaintiff) commenced action against Pandick and Messrs. Moulton, Pote and Raymond A. McAleer (defendants) to recover monetary damages, on the grounds of defendants' fraud and conspiracy to commit fraud, and, alternatively, seeking reformation of the termination agreement between plaintiff and Pandick, mentioned *supra,* so as to permit him to exercise his stock options. In response, the defendants moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. Plaintiff opposed. The IAS court denied defendants' motion.

Based upon our review of the allegations in the complaint, we find that the IAS court erred in not dismissing the third cause of action.

The State of New York does not recognize a cause of action in tort for conspiracy *(Alexander & Alexander v Fritzen,* 68 NY2d 968, 969 [1986]; *Brackett v Griswold,* 112 NY 454, 467 [1889]).

Accordingly, we modify the order of the IAS court and dismiss the third cause of action.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Smith, JJ.