NICHOLAS J. GRASSO, Appellant-Respondent, v JAMES MATHEW, Respondent-Appellant.

Third Department, January 3, 1991

## APPEARANCES OF COUNSEL

*Grasso, Rodriguez, Putorti & Grasso (Lawrence J. Zyra* of counsel), for appellant-respondent.

*McNamee, Lochner, Titus & Williams (G. Kimball Williams* of counsel), for respondent-appellant.

## OPINION OF THE COURT

WEISS, J.

The underlying facts show that defendant and his wife voluntarily separated in January 1986. Defendant commenced payment of agreed sums for support and enjoyed visitation with the three children of the marriage. In September 1987, defendant retained Carl Barone to negotiate an amicable separation agreement. Following his September 21, 1987 letter to defendant's wife, Barone learned that she was represented by plaintiff with whom Barone had both telephonic and written communication concerning the matrimonial situation. Receiving no response from plaintiff and being unable to effect personal service of process in an action for divorce against defendant's wife, Barone obtained an order from Supreme Court, Dutchess County, permitting substituted service upon her which was effected on December 18, 1987. In a letter dated December 29, 1987, plaintiff wrote to defendant and enclosed a copy of a judgment of divorce by default in favor of defendant's wife. The judgment, which was granted November 30, 1987, awarded defendant's wife custody of the children, child support, maintenance, and other provisions for medical and life insurance. An August 1987 affidavit of regularity by

plaintiff in support of the judgment states that personal service of the summons and notice upon defendant in the divorce action was made on February 25, 1987 and that "defendant has failed and/or refused to appear in this action and has made no attempt to contact our office in any way". The affidavit was not submitted to the court until November 1987 and it made no reference to Barone's telephone calls and letters during September and October 1987.

Defendant retained new counsel who, by order to show cause granted January 25, 1988, moved to vacate the default judgment on the ground that defendant had never been served with process. Supreme Court, following submission of papers and a traverse hearing held October 21, 1988, granted an order on October 28, 1988 vacating the default judgment "on the ground that the Court had no jurisdiction to render said Judgment of Divorce".* Shortly thereafter, on November 4, 1988, defendant wrote a letter to his wife in which he addressed financial arrangements and visitation with the children. The letter included the following: "I've spent over $12000 to vacate the default judgement of divorce obtained by fraud, and about which you and your lawyer were cognizant. Your cost towards my legal expenses and for allowing the fraud to be perpetrated will be $60/wk for now. Should I sense a cooperative attitude on your part in the future dealings regarding the children and other matters, this penalty may be withdrawn in part or whole."

Defendant sent a copy of the letter to his attorney and his wife gave the original to plaintiff. Thereafter, in a contempt proceeding held May 22, 1989 relating to plaintiff's process servers, plaintiff successfully moved the admission of the letter into evidence. A few days later, defendant was served with the summons and notice in this action seeking compensatory and punitive damages for libel and slander. Defendant moved to dismiss the complaint or, in the alternative, for summary judgment together with an award of counsel fees and the imposition of sanctions. Plaintiff cross-moved for partial summary judgment on the issue of liability. Holding that the letter enjoyed the protection of privilege, Supreme Court dismissed the complaint for failure to state a cause of action. The court denied defendant's application for counsel

---

* This divorce action continued after the default judgment was vacated and was eventually consolidated with defendant's pending divorce action in 1989.

fees and imposition of sanctions, as well as plaintiff's cross motion for partial summary judgment. Both plaintiff and defendant have appealed.

■ In the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation *(Martirano v Frost,* 25 NY2d 505, 507). No action for defamation exists unless the statement is so obviously impertinent as not to admit discussion of pertinence, and so needlessly defamatory as to warrant the inference of express malice and a motivation solely to defame *(supra,* at 508). The absolute privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability *(Dachowitz v Kranis,* 61 AD2d 783). This test of pertinency is extremely liberal *(Klein v McGauley,* 29 AD2d 418, 420) and encompasses both words and writings *(Youmans v Smith,* 153 NY 214, 219), including correspondence between litigating parties and unsolicited offers of settlement *(Klein v McGauley, supra,* at 420), which is the situation here.

As the letter and the events leading to it are undisputed, the determination of whether the privilege is defeated is a question of law *(see, People ex rel. Bensky v Warden,* 258 NY 55, 60; *Klein v McGauley, supra,* at 420). The burden is upon the plaintiff to conclusively, and as a matter of law, establish the impertinency and the irrelevance of the statement. For the privilege to attach absolutely, the comments merely need to satisfy the extremely liberal test of being possibly or plausibly relevant or pertinent, by any view of the circumstances, and without reference to technical meaning or strict legal interpretation of the terms relevant or pertinent. The two divorce actions were pending at the time of the letter. Here, a simple reading of the allegedly offending passage shows, beyond question, that it pertains to child support and defendant's ability to pay, as well as relevance as fair comment on the proceedings to the date thereof and the resulting waste of assets.

■ Because the rule is clearly applicable, defendant contends that this defamation action was frivolous, totally lacking in merit and malicious in its inception, and made more so by the instant appeal in the face of Supreme Court's decision. The circumstances are not unlike those in *Mitchell v Herald Co.* (137 AD2d 213, *appeal dismissed* 72 NY2d 952). Plaintiff, as an attorney in the matrimonial action, knew the history of

defendant's efforts to vacate the default judgment of divorce, as well as the earlier contacts by defendant's attorney prior to the application for the default judgment in the first instance. Plaintiff must have been aware of the mounting legal expenses and the financial circumstances of the parties in the divorce action as well as the effect of such expenses on defendant's ability to meet his obligations. Within this framework, whether true or not, the challenged statement so clearly became absolutely privileged, as a matter of law, that under no circumstances could a libel claim be supported. Both the privilege rule and its purpose are clear, i.e., that the possible harm to an individual was far outweighed by the need to encourage parties to litigation to communicate freely in the course of judicial proceedings. A contrary rule would be an impediment to the search for truth and prevent inquiries with the freedom and boldness required for the welfare of our society (see, Martirano v Frost, supra, at 508-509; Youmans v Smith, supra, at 220).

Finally, we find the purpose for the privilege fits well with the sanction provisions of CPLR 8303-a, which are intended to prevent waste of judicial resources and reduce expenses in opposing frivolous claims (Patane v Griffin, 164 AD2d 194). An action commenced and continued without any reasonable basis in law or fact, and without any good-faith argument for an extension, modification or reversal of existing law, is frivolous. CPLR 8303-a is mandatory in its terms and, upon a determination of frivolousness, the matter must be remitted for determination by Supreme Court of the amount of costs and reasonable counsel fees, and whether they should be imposed against a plaintiff, counsel, or both. Accordingly, the order should be modified to award sanctions pursuant to CPLR 8303-a in an amount to be determined by Supreme Court on remittal.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment modified, on the law, with costs to defendant, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.