■ CATHERINE SMULLENS, Respondent, v LAWRENCE MAC-VEAN et al., Appellants. (Action No. 1.) ELIZABETH L. SMULLENS, Plaintiff, v LAWRENCE MACVEAN et al., Defendants. (Action No. 2.)—Crew III, J. Appeal from an order of the Supreme Court (White, J.), entered June 11, 1991 in Fulton County, which, *inter alia,* partially granted defendants' motion to dismiss the complaint in action No. 1.

All of the parties are neighbors who reside in private homes adjacent to each other in the Town of Johnstown, Fulton County. The parties appear to have difficulty in relating to one another. On or about February 6, 1990, a wooden fence allegedly located on plaintiffs'* property was destroyed. Plaintiffs accused defendants of destroying the fence. In April 1990, Catherine commenced action No. 1 against defendants seeking damages for the destroyed fence and for trespass. In May 1990 issue was joined and in their demand for a bill of particulars defendants requested information relating to "[t]he date that [Catherine] claims she became the owner of the premises occupied by her". No bill of particulars answering the above request was ever served by Catherine. On July 13, 1990, Elizabeth commenced action No. 2 against defendants asserting the exact same claims as in action No. 1. After issue was joined, Elizabeth served her bill of particulars on defendants. The bill of particulars stated that Elizabeth and her husband acquired their property in 1964 and that she became the sole owner thereof in 1975 when her husband died. Attached to the bill of particulars was a deed establishing Elizabeth's ownership. Both Elizabeth and Catherine were represented by the same attorney in their respective actions.

Defendants informed Catherine's attorney that action No. 1 should be discontinued in view of the fact that action No. 2 had been commenced by Elizabeth who was the record owner of the property adjacent to their property. Catherine's attorney took the position that action No. 2 replaced action No. 1 and there was no need to seek a discontinuance. Action No. 1, therefore, was never discontinued. On December 29, 1990, Elizabeth sought a preclusion order against defendants in action No. 2 based upon their failure to timely serve a bill of particulars. Defendants cross-moved seeking, *inter alia,* a dismissal of the complaint in action No. 1 and sanctions against Catherine and her attorney pursuant to CPLR 8303-a. Supreme Court denied Elizabeth's motion, dismissed Catherine's complaint and denied defendants' request for sanctions. Defendants in action No. 1 appeal.

CPLR 8303-a imposes a duty on a party and her attorney to act in good faith to investigate a claim and promptly discontinue it where inquiry would reveal that the claim lacks a reasonable basis *(see, Mitchell v Herald Co.,* 137 AD2d 213, 219, *appeal dismissed* 72 NY2d 952). The statute is intended to

---

* Plaintiffs are Elizabeth L. Smullens and her daughter, Catherine Smullens. They will hereinafter be identified by use of their first names.

prevent waste of judicial resources and reduce expenses in opposing frivolous claims *(see, Grasso v Mathew,* 164 AD2d 476, 480, *lv dismissed* 77 NY2d 940, *lv denied* 78 NY2d 855). An action is deemed frivolous when it is commenced or continued in bad faith without any reasonable basis in law or fact and could not be supported by a good-faith argument for an extension, modification or reversal of existing law (CPLR 8303-a [c] [ii]; *Grasso v Mathew, supra; Patane v Griffin,* 164 AD2d 192, 197, *lv denied* 77 NY2d 810). Where a claim is found to be frivolous, CPLR 8303-a mandates that sanctions be imposed against either a party, the attorney, or both (CPLR 8303-a [a], [b]; *see, Tewari v Tsoutsouras,* 75 NY2d 1, 10, n 3; *Mitchell v Herald Co., supra,* at 220; *see also, Jacobson v Chase Manhattan Bank,* 174 AD2d 709, 710; *Grasso v Mathew, supra).*

Initially, we note our agreement with the First Department's statement that "frivolous and baseless actions will not be tolerated and will result in a strict application of the provisions of CPLR 8303-a" *(Rittenhouse v St. Regis Hotel Joint Venture,* 180 AD2d 523, 525). It is clear from the record that neither Catherine nor her attorney were advocating any changes in the existing law. In determining whether action No. 1 was commenced and continued in bad faith without any reasonable basis in law or fact, we must determine whether Catherine and her attorney knew or should have known that action No. 1 was meritless *(see, Mitchell v Herald Co., supra,* at 217). The record demonstrates that Elizabeth is the owner of real property adjacent to defendants' property and it appears that a deed was recorded establishing her ownership sometime in 1964. The recording of the deed constituted constructive notice to both Catherine and her attorney that Elizabeth was the owner of such real property *(see, Andy Assocs. v Bankers Trust Co.,* 49 NY2d 13, 20). A reasonable investigation of public records by either Catherine or her attorney would have revealed that Elizabeth was the title owner of the real property adjacent to defendants' property *(see, Jacobson v Chase Manhattan Bank, supra).*

There is no evidence in the record that Catherine had any possessory interest in the fence or real property adjacent to defendants' property, which is a predicate to maintaining a claim for trespass *(see,* 61 NY Jur, Trespass, §§ 19-22, 25-29). As early as May 1990, when defendants demanded a bill of particulars from Catherine outlining her ownership interest in such property, and as late as August 1990, when Elizabeth commenced action No. 2 and provided a deed relating to such

property, Catherine knew or should have known and her attorney clearly knew that the claims in action No. 1 were meritless. Catherine and her attorney did not, however, promptly discontinue the action. To the contrary, they disregarded defendants' request that action No. 1 be discontinued. We therefore find as a matter of law that action No. 1 was frivolous and that Supreme Court erred in denying defendants' request for sanctions. Accordingly, the matter must be remitted to Supreme Court for determination of the amount of costs and reasonable counsel fees, and whether they should be imposed against counsel, or both counsel and plaintiff.

Weiss, P. J., Mahoney and Harvey, JJ., concur.

Casey, J. (dissenting). The complaints in these two actions, which arise out of a boundary line dispute, are identical except that the plaintiff in action No. 2 is the record title holder of the property and, therefore, the proper party to maintain the action. Although action No. 1 was not formally discontinued, it is undisputed that action No. 2 was intended to replace action No. 1. Accordingly, plaintiffs' counsel took no further steps to prosecute action No. 1 and focused instead on action No. 2. In these circumstances it cannot be said that the failure to seek dismissal of action No. 1 constituted frivolous conduct as a matter of law within the meaning of CPLR 8303-a.

Although plaintiffs' counsel was mistaken in his belief that no formal motion to discontinue action No. 1 was required, there is no evidence that the action was continued in bad faith. Nor should we infer bad faith from counsel's technical error. In the exercise of its authority and responsibility to supervise these actions, Supreme Court found that sanctions were not appropriate, and there is nothing in the record to justify this court's interference with Supreme Court's finding. The order should, therefore, be affirmed.

Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' request in action No. 1 for sanctions; said motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.