■ SIMON V. HABERMAN, Appellant, v GEORGE EMANUEL et

al., Respondents.—Orders, Supreme Court, New York County (Joan B. Lobis, J.), both entered on September 12, 1991, granting defendants' motions for summary judgment dismissing the complaint, and awarding defendants legal fees aggregating $3850, unanimously affirmed, with costs.

Plaintiff alleged that defendants had "conspired together, and willfully and maliciously entered into a scheme" to deprive plaintiff of possession and use of an apartment. However, a cause of action in tort for conspiracy is not recognized in this State (see, Salerno v Pandick, Inc., 144 AD2d 307, 308). In any event, plaintiff's unsubstantiated allegation that a "corrupt agreement" existed between the defendants to deprive him of his property is rebutted by plaintiff's antecedent actions. He accepted checks from defendant Emanuel for the rent, and later settled his summary eviction proceeding against defendant Emanuel alone.

Finally, plaintiff is precluded from seeking damages for unpaid rent under the doctrine of collateral estoppel (see, Ryan v New York Tel. Co., 62 NY2d 494, 500) because the question of possession of the apartment and of the amount to be paid for use and occupancy was decided by a Civil Court judgment that incorporated a stipulation of settlement entered into by defendant Emanuel and plaintiff.

Since this action was commenced without a reasonable basis in law or fact, the trial court's awarding of legal fees to defendants was proper (see, Grasso v Mathew, 164 AD2d 476, lv dismissed 77 NY2d 940, lv denied 78 NY2d 855). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.