■ FRANK FABRIZIO et al., Appellants, v GILBERT G. SPENCER, JR., Also Known as GILBERT SPENCER, Respondent, et al., Defendant. [669 NYS2d 848] —In an action to recover the balance due under a loan agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 14, 1996, as denied those branches of their motion which were to dismiss the first and second counterclaims asserted against them by the defendant Gilbert G. Spencer, Jr.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were to dismiss the first and second counterclaims asserted against them by the defendant Gilbert G. Spencer, Jr., are granted.

A statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (*Martirano v Frost,* 25 NY2d 505, 507; *see also, Grasso v Mathew,* 164 AD2d 476). No action for libel or defamation exists unless the subject statement is " 'so obviously [not pertinent] * * * and so needlessly defamatory as to warrant the inference of express malice' " (*Martirano v Frost, supra,* at 508, quoting *Youmans v Smith,* 153 NY 214, 220; *see also, Grasso v Mathew, supra).* At bar, the allegedly libelous statements were made by the plaintiff Frank Fabrizio in the context of a motion for summary judgment in the instant action, and relate to the alleged existence and disappearance of a mortgage securing the loan. Under these circumstances, the statements cannot be considered "so outrageously out of context as to permit one to conclude, from the mere fact that the [statements were] uttered, that [they were] motivated by no other desire than to defame" (*Martirano v Frost, supra,* at 508). Accordingly, the subject statements are privileged, and the first

and second counterclaims of the defendant Gilbert G. Spencer, Jr., should be dismissed (*see, Martirano v Frost, supra; Grasso v Mathew, supra; Poley v Rochester Community Sav. Bank,* 159 AD2d 944; *Wekstein v Romm,* 87 AD2d 867). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.