■ In the Matter of PATRICK J. MURPHY et al., Appellants, v NEW YORK ATHLETIC CLUB IN THE CITY OF NEW YORK, INC., Respondent. [671 NYS2d 475] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about September 20, 1996, which dismissed the petitions brought pursuant to CPLR article 78 to annul respondent's determination expelling petitioners from its membership, unanimously affirmed, with costs.

Assuming that petitioners effectively exhausted their administrative remedies (*see, Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals*, 79 AD2d 751, *affd* 55 NY2d 613;

*Matter of Cotroneo v Klein*, 62 AD2d 493, 496), we affirm the appealed order dismissing the within article 78 proceeding upon the merits. Petitioners were given ample notice by respondent of the charges against them and of the hearing upon those charges, all in accordance with respondent's constitution and bylaws. The hearing evidence adduced against petitioners showed that they had attempted to oust two officers of respondent club through litigation, defamatory allegations and innuendo later conceded by petitioners to be baseless. We note in this connection that petitioner Nyitray's Federal defamation action against a member of the respondent club was recently dismissed, on grounds, *inter alia*, that the allegations contained in a letter submitted to the respondent's Board, which formed the basis of respondent's charges against petitioners, were "substantially true" (*Nyitray v Johnson*, 1998 US Dist LEXIS 1791, *28 [SD NY, Feb. 18, 1998, Mukasey, J.]). Accordingly, since there was plainly a rational basis for the challenged determination of respondent, a private, voluntary membership corporation (*see, People ex rel. Holmstrom v Independent Dock Builders' Benevolent Union*, 164 App Div 267, 270), there exists no ground upon which we might set it aside. We have considered petitioners' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Williams, Tom and Saxe, JJ.