■ EDWARD F. NYITRAY et al., Respondents, v NEW YORK ATHLETIC CLUB IN THE CITY OF NEW YORK, Appellant. [712 NYS2d 89] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 26, 1998, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, defendant's application for statutory sanction granted and the matter remanded for appropriate assessment, and otherwise affirmed, with costs to defendant payable by plaintiffs.

Defendant expelled plaintiff Nyitray and his attorney, co-plaintiff Murphy, from membership in 1995, after internal disciplinary hearings. Plaintiffs unsuccessfully challenged their expulsion in legal proceedings, alleging that it amounted to retaliation for their charges of defendant's financial mismanagement. Plaintiffs thereafter commenced a series of actions in State* and Federal courts, all dismissed with the imposition of some form of costs or sanctions. Most recently, plaintiffs have sued in Federal court, alleging that they had been defamed by the publication of these disciplinary charges. That action resulted in dismissal (*Nyitray v Johnson*, 1998 US Dist LEXIS

---

* *See, e.g., Nyitray v New York Athletic Club* (195 AD2d 291) and *Matter of Murphy v New York Athletic Club* (249 AD2d 106, *lv denied* 92 NY2d 812).

1791, 1998 WL 67651 [SD NY, Feb. 19, 1998], *affd* 166 F3d 1201 [(2d Cir) reported in full 1998 US App LEXIS 31458]), and the subsequent imposition of $1,398.50 in costs and $30,000 in fees (1999 US Dist LEXIS 179, 1999 WL 14013 [SD NY, Jan. 14, 1999], *affd* 205 F3d 1324 [(2d Cir) reported in full 1999 US App LEXIS 32545]).

The instant action was also for defamation. The IAS Court dismissed on the grounds of collateral estoppel and res judicata, *inter alia*, citing the similar disposition in the Southern District, but was reluctant to grant the application for sanctions because the Federal court had not yet ruled on that question. Three months later, Judge Mukasey issued his ruling, holding these plaintiffs jointly and severally liable (Murphy's share to be borne by his firm, as well), citing their conduct as "part of a years-long campaign of harassing and duplicative litigation" against this defendant and its former president, "engaged in not only with knowledge of its lack of legal and factual basis but also for the improper purpose of harassing defendant and increasing the cost of litigation." (*Supra*, 1999 US Dist LEXIS, at *1, 3, 1999 WL, at *1.)

CPLR 8303-a (a) calls for the award of "costs and reasonable attorney's fees not exceeding ten thousand dollars" against a party, his attorney, or both, who are found to have brought a *frivolous action* in bad faith or as a means of "harass[ing]" (CPLR 8303-a [c] [i]) the successful adversary. A similar alternate imposition of costs and financial sanctions is available under the Rules of the Chief Administrator of the Courts for *frivolous conduct* in pursuit of such litigation (22 NYCRR subpart 130-1). Once there is a finding of frivolousness, sanction is mandatory (*Grasso v Mathew*, 164 AD2d 476, *lv denied* 78 NY2d 855), especially in the wake of frivolous defamation litigation (*Mitchell v Herald Co.*, 137 AD2d 213, *appeal dismissed* 72 NY2d 952). We find, as did Judge Mukasey under the Federal Rules, that the conduct on the part of both these plaintiffs amounted to nothing more than harassment, thus satisfying the condition for imposing sanction under the CPLR (*see, Smullens v MacVean*, 183 AD2d 1105; *cf., Rittenhouse v St. Regis Hotel Joint Venture*, 180 AD2d 523).

The Supreme Court judgment was rendered without benefit of the later ruling by Judge Mukasey. Accordingly, this matter is remanded to Supreme Court for a determination of the amount of costs and reasonable counsel fees (*Grasso v Mathew, supra*). Concur—Williams, J. P., Wallach, Lerner, Andrias and Saxe, JJ.