Poonam SINGH, Shabnam Singh, Kunal Singh, and Nidhi Singh, Plaintiffs,

v.

HSBC BANK USA, Defendant.

No. 02 Civ. 2681.

United States District Court, S.D. New York.

April 30, 2002.

Poonam Singh, Flushing, NY, plaintiff pro se.

Shabnam Singh, Flushing, NY, plaintiff pro se.

Kunal Singh, New York City, plaintiff pro se.

Nidhi Singh, Flushing, NY, plaintiff pro se.

### ORDER

MARRERO, District Judge.

Plaintiffs, appearing *pro se*, filed this action on April 8, 2002, alleging, *inter alia*, defamation and intentional infliction of emotional distress arising from statements that defendant HSBC Bank USA ("HSBC Bank") made in papers submitted in support of a motion to dismiss the complaint filed in a related case before this Court, *Dwarika Singh v. Parnes, et al.*, 199 F.Supp.2d 152 (S.D.N.Y.2002) ("*Singh* (RICO)").[1] Plaintiffs here are the children of Dwarika Singh.

On April 26, 2002, the Court held a conference on this matter and on the related case, *Dwarika Singh v. Parnes, et al.*

On that occasion, the Court indicated that a review of plaintiffs' complaint revealed that the Court did not have subject-matter jurisdiction over the action as there was neither a federal question presented in their complaint nor complete diversity of citizenship among the parties. The plaintiffs acknowledged, on the record, that the Court did not have jurisdiction over the case, but requested leave to amend their complaint to include a claim based on the Racketeering Influenced and Corrupt Organization Act, codified at 18 U.S.C. § 1961–1968 ("RICO").

■ Although leave to replead "shall be freely given when justice so requires" under Federal Rule of Civil Procedure 15(a), such leave is not required if there are defects in a plaintiff's complaint that are incurable. *See Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 516 (S.D.N.Y. 1997); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991) ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice") (citing *Spain v. Ball*, 928 F.2d 61, 62–63 (2d Cir.1991) (per curiam)). In the instant case, it is inconceivable how claims for defamation and intentional infliction of emotional distress arising from statements made in a motion to dismiss could give rise to a cause of action under the RICO statute.

■ Even if plaintiffs were able to plead a RICO cause of action somehow arising from or related to alleged defamatory statements made in motion papers filed in this Court, any such remarks

---

1. On February 21, 2002, Dwarika Singh filed a separate case in this Court, under docket number 02 Civ. 1348, naming the same defendant, HSBC Bank, along with the law firm and the attorney at the law firm whom HSBC Bank had retained, alleging similar claims arising out of the same circumstances. Following a conference with the parties on April 19, 2002, at which the Court signaled jurisdictional deficiencies asserted by the defendants and revealed in the Court's own review of the complaint, Dwarika Singh voluntarily discontinued the action, pursuant to Federal Rule of Civil Procedure 41(a).

would be entitled to absolute immunity as a matter of law. Under New York law, "[i]n the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *Aequitron Medical, Inc. v. Joseph F. Dyro and Biomedical Resources, Inc.*, 999 F.Supp. 294, 297–98 (E.D.N.Y.1998) (citing *O'Brien v. Alexander*, 898 F.Supp. 162, 171 (S.D.N.Y. 1995)). The test of "pertinency" is extremely broad and embraces "anything that may possibly or plausibly be relevant or pertinent with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Id.* (citing *Grasso v. Mathew*, 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (3d Dep't 1991)). Thus, statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made. *Id.* (citing *Herzfeld & Stern, Inc. v. Beck*, 175 A.D.2d 689, 572 N.Y.S.2d 683, 685 (1st Dep't 1991)); *see also Park Knoll Assoc. v. Schmidt*, 59 N.Y.S.2d 205, 206, 464 N.Y.S.2d 424, 451 N.E.2d 182 (1983). In the instant case, the statements in question, which appear in motion papers filed with this Court, were clearly pertinent to the litigation in which they were made. As a result, they are entitled to absolute immunity.

Finally, the Court notes that insofar as the RICO claim that plaintiffs contemplated pleading as an amendment to their complaint is the same as the RICO claim asserted by Dwarika Singh in docket number 01 Civ. 2449, this Court held in a ruling dated April 26, 2002, that the RICO action asserted there was meritless and barred by the rules of preclusion. (*See Singh* (RICO) Statement by the Court Regarding Defendants Motion to Dismiss, dated April 26, 2002.) As the two cases are essentially based on the same set of facts the Court concludes that leave to replead is unwarranted here.

Accordingly, it is hereby

**ORDERED** that the plaintiffs' complaint is DISMISSED, with prejudice, for lack of subject-matter jurisdiction; and it is further

**ORDERED** that plaintiffs' request for leave to amend their complaint is DENIED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**