Mercure, J.E
Appeal from that part of an order of the Supreme Court (Garry, J.), entered November 1, 2007 in Schuyler County, which granted defendants’ motion for summary judgment dismissing the complaint.
The underlying facts are more fully set forth in plaintiff’s legal malpractice action (Adamski v Lama, 56 AD3d 1071 [2008] [decided herewith]). In this action, plaintiff asserts claims of libel, perjury, fraud in the inducement, tampering with documents, obstruction of justice, and frivolous pleadings against trial counsel for the defendants in Adamski v Lama. Supreme Court granted defendants’ motion for summary judgment dismissing the complaint, and plaintiff now appeals.
*1079 We affirm. As Supreme Court concluded, defendants’ allegedly libelous statements in affidavits and a letter are absolutely privileged inasmuch as they were made in the course of a judicial proceeding and pertinent to that litigation (see Martirano v Frost, 25 NY2d 505, 507-508 [1969]; Cavallaro v Pozzi, 28 AD3d 1075, 1077 [2006]; Black v Green Harbour Homeowners’ Assn., Inc., 19 AD3d 962, 963 [2005]; Grasso v Mathew, 164 AD2d 476, 479 [1991], lv dismissed 77 NY2d 940 [1991], lv denied 78 NY2d 855 [1991]). With respect to plaintiffs remaining claims, he has failed to state a cause of action for fraud, and no private right of action exists for perjury, tampering with documents, obstruction of justice, and frivolous pleadings (see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211, 217 [1975]; Rose Val. Joint Venture v Apollo Plaza Assoc., 191 AD2d 874, 875 [1993]; Crandall v Bernard, Overton & Russell, 133 AD2d 878, 879-880 [1987], lv dismissed and denied 70 NY2d 940 [1988]; Grafer v Marko Beer & Beverages, 36 AD2d 295, 296-297 [1971], appeal dismissed 29 NY2d 641 [1971]).
Plaintiffs remaining arguments are academic, unsupported by the record, or otherwise lacking in merit.
Spain, Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.