Highland Capital Mgt., L.P. v Stern (2018 NY Slip Op 00230)





Highland Capital Mgt., L.P. v Stern


2018 NY Slip Op 00230


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5432 160524/16

[*1]Highland Capital Management, L.P., Plaintiff-Appellant-Respondent,
v
Geoffrey Stern, et al., Defendants-Respondents-Appellants.


Boies Schiller Flexner LLP, Washington, DC (Scott E. Gant of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant-respondent.
Kasowitz Benson Torres LLP, New York (David S. Rosner of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 4, 2017, which granted defendants' motion to dismiss, and denied their motion for sanctions, unanimously affirmed, with costs.
Defendant Stern's statement to the Wall Street Journal, that plaintiff investment advisor "just took our money," fell within the statutory privilege against libel claims for the publication of a fair and true report of a judicial proceeding (Civil Rights Law § 74; see Alf v Buffalo News, Inc., 21 NY3d 988, 989 [2013]; Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63 [1979]). The statement, in the context of the article, which was about lawsuits filed against plaintiff, would be understood by an ordinary reader to refer to defendant Muirfield Capital Management LLC's claim that plaintiff improperly withdrew money from an investment fund plaintiff managed, in which Muirfield invested (see Aronson v Wiersma, 65 NY2d 592, 594 [1985]; Alf v Buffalo News, Inc., 21 NY3d 988, 990 [2013]).
Although the action lacks merit, it cannot be said that it reaches to a level of frivolousness or harassment so as to warrant sanctions (see 22 NYCRR 130-1.1[a]; see generally Nyitray v New York Athletic Club in City of N.Y., 274 AD2d 326, 327 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK