21-2930-cv
*Jolly v. Excelsior College*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-three.

PRESENT:
> PIERRE N. LEVAL,
> JOSÈ A. CABRANES,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

Maketa S. Jolly,

> *Plaintiff-Appellant,*

> v.                                                                                  21-2930-cv

Excelsior College, Mary Lee Pollard, Laura Baldwin Juffa,   Joanne Leone, in her individual capacity, Phillis Mitchel, in her individual capacity, John Hermina,

> *Defendants-Appellees.*[1]

---

**FOR PLAINTIFF-APPELLANT:**                              Maketa S. Jolly, pro se, Brookhaven, PA.

---

[1] The Clerk of the Court is directed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLEE EXCELSIOR COLLEGE:**    Lisa Ellen Fleischmann, Claire E. Ryan, Kaufman, Borgeest & Ryan LLP, Valhalla, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Maketa S. Jolly, proceeding pro se, appeals the District Court's dismissal of her lawsuit against Excelsior College and several defendants named in their individual capacities: Excelsior College Dean of Nursing Mary Lee Pollard, attorneys Laura Baldwin Juffa and John Hermina, Vermont Board of Nursing employee Phillis Mitchell, and Executive Director of the New Jersey Nursing Board Joanne Leone. Jolly alleges that her quest to become a registered nurse was hampered when her alma mater, Excelsior, and its Dean of Nursing disseminated false information about her qualifications to state nursing boards across the country.

Relevant here, Jolly previously brought an unsuccessful suit in connection with these events against Excelsior and employees of state nursing boards in their official capacities. *See Jolly v. Vt. Bd. of Nursing*, No. 19-CV-2208, 2019 WL 2268972 (E.D. Pa. May 24, 2019) (dismissing official capacity claims as barred by Eleventh Amendment immunity and transferring the case to the Northern District of New York); *Jolly v. Excelsior College*, No. 1:19-cv-1317, 2020 WL 3128535 (N.D.N.Y. June 12, 2020) (dismissing the remainder of her claims with prejudice). Relying on the prior litigation, the District Court dismissed the present suit by determining that all claims were either barred by res judicata or were frivolous. *See Jolly v. Excelsior College*, No. 1:21-CV-621, 2021 WL 4775241, at *3–4 & n.3. (N.D.N.Y. Oct. 12, 2021), *report and recommendation adopted*, 2021 WL 5111981 (N.D.N.Y. Nov. 3, 2021). We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review *de novo* a district court's application of res judicata. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). "Res judicata bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (internal quotation marks omitted).

Excelsior was a party in both this case and the prior litigation. The claims against Excelsior were decided on the merits through a motion to dismiss. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d

130, 134 (2d Cir. 2009) (reasoning that a "dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects"). Although it is difficult to comprehend the precise nature of Jolly's current claims against Excelsior, any such claims could have been brought in the prior action if they were not. Accordingly, the District Court properly determined that the claims against Excelsior were barred by res judicata.

As to all remaining claims, we affirm the District Court's dismissal because they "lack[] an arguable basis either in law or in fact" and are therefore frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). First, defamation claims against the attorneys relating to their work in the prior lawsuit are precluded by the common law litigation privilege. *See, e.g., Martirano v. Frost*, 25 N.Y.2d 505, 508 (1969) (a courtroom statement is absolutely privileged unless it is "so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame"). Second, any claims against the state nursing board employees fail whether construed as defamation claims, due process violations, or invasions of privacy. Last, despite Plaintiff naming Pollard as a defendant, the Complaint fails to articulate a claim against her.

In its response brief, Excelsior asks us to take action to deter future frivolous litigation. Although we decline to do so at this time because of the limited prior litigation in this Court, the litigation history Excelsior recounts is troubling. We therefore take this opportunity to warn Jolly that frivolous or duplicative litigation runs the risk of sanctions, and may lead to a filing injunction restricting her ability to file without obtaining prior leave. *See Iwachiw v. N.Y. Dep't of Motor Vehicles*, 396 F.3d 525, 529–30 (2d Cir. 2005).

We have considered all of Jolly's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3