Bodner v Floral Assoc. Ltd. Partnership (2024 NY Slip Op 01759)

Bodner v Floral Assoc. Ltd. Partnership

2024 NY Slip Op 01759

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 159361/22 Appeal No. 1934-1935 Case No. 2023-04575 2023-05039 

[*1]Allen Bodner, Plaintiff-Appellant,
v
Floral Associates Limited Partnership, et al., Defendants-Respondents, Frederick W. Cefalo, Defendant. 

Nathan M. Ferst, New York, for appellant.
Fox Rothschild LLP, New York (John A. Wait of counsel), for Floral Associates Limited Partnership, Joseph T. Cefalo, Stephen R. Cefalo, Sherin and Lodgen, LLP, Edward S. Cheng and Daniel S. Guenther, respondents.
Ruskin Moscou Faltischek, P.C., Uniondale (Michael A.H. Schoenberg of counsel), for Ruskin Moscou Faltischek, P.C. and Michael A.H. Schoenberg, respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 17, 2023, which granted defendants' motions to dismiss the complaint against them pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs. Order, same court and Justice, entered September 29, 2023, which denied plaintiff's motion for leave to renew and reargue, unanimously dismissed, without costs, as abandoned.
Defendants' requested discovery in the underlying action, in which plaintiff Allen Bodner represented a limited partner of defendant Floral Associates, relating to the distribution of funds after a real property sale, sought information on funds linked to the building's operation and ultimate sale which were to be distributed among the limited partners. Plaintiff attorney's argument that defendants' request for such information, including their counterclaims that monies were potentially not turned over by the underlying plaintiff entity and/or its counsel, amounted to defamation per se against plaintiff attorney, is unavailing. Defendants' challenged document requests were pertinent to their counterclaims in the underlying action, and there is a view of the allegations, as supplemented by documentary evidence, that supports such a finding. Moreover, the alleged defamatory statements were not "so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" (Martirano v Frost, 25 NY2d 505, 508 [1969]; see TRB Acquisitions LLC v Yedid, 215 AD3d 40, 44 [1st Dept 2023]).
Further, the challenged statements, objectively construed, constitute nonactionable opinion, as they only suggest, in the context of litigation discovery, the possibility that the plaintiff entity in the underlying action or its counsel may not have fully distributed funds owing to the plaintiff entity's limited partners. The challenged explanation offered for defendants' discovery requests, as worded and considered in context, would signal to the reader that the litigant's unproven statements are opinion, not fact (see Brian v Richardson, 87 NY2d 46, 51 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024