SJB RE Holdings, LLC v Gifford (2025 NY Slip Op 03372)

SJB RE Holdings, LLC v Gifford

2025 NY Slip Op 03372

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0808
[*1]SJB RE Holdings, LLC, et al., Appellants,
v
Ryan Gifford et al., Respondents.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Samuel J. Better, Waterford, appellant pro se, and for SJB Re Holdings, LLC and another, appellants.
Devine & Bruno, LLP, Albany (Terence J. Devine of counsel), for respondents.

Garry, P.J.
Appeal from an order of the Supreme Court (Richard Kupferman, J.), entered March 21, 2024 in Saratoga County, which, among other things, granted defendants' motion to dismiss the fifth and sixth causes of action.
Plaintiff Samuel J. Better is an attorney and the sole member of the two limited liability companies that are also plaintiffs. Defendants Ryan Gifford and Gabrielle Gifford rented an apartment from one of those companies. When the Giffords moved out, Better retained their security deposit and certain other credits. Ryan Gifford subsequently commenced an action in Waterford Town Court against Better; Ryan Gifford was later represented in that action by his attorney uncle, defendant Terence Devine. During an appearance in that action, Devine made statements regarding certain "self-help" allegedly engaged in by Better. In plaintiffs' view, those statements insinuated that Better had committed a self-help eviction, punishable by RPAPL 768 and/or 853. That initial small claims action was later dismissed on consent, as Ryan Gifford had not properly named Better's company as the party defendant, and the parties thus contemplated a new small claim. Before that new claim could be heard, plaintiffs brought the Giffords to Supreme Court over the same dispute. In doing so, plaintiffs also asserted two claims against Devine, claiming that Devine's statements regarding Better's self-help constituted defamation and attorney deceit and seeking damages in excess of $1 million. Defendants moved to dismiss the causes of action involving Devine and requested that both costs and sanctions be imposed upon plaintiffs for frivolous conduct in bringing those claims. Plaintiffs cross-moved to amend the complaint, including by modifying the defamation cause of action to one for slander per se, and to consolidate the Waterford Town Court action with this action. Supreme Court granted plaintiffs leave to amend, dismissed the amended causes of action regarding Devine, partially granted defendants' request for costs, denied consolidation and sua sponte removed the remaining causes of action against the Giffords to Waterford Town Court. Plaintiffs appeal. This Court has been advised that the new small claims action has since settled.
As plaintiffs assert, slander per se excuses the requirement of special damages otherwise required for a defamation claim and includes both those statements that charge a plaintiff with a "serious crime" and those that "tend to injure" a plaintiff in their trade, business or profession (Liberman v Gelstein, 80 NY2d 429, 435 [1992]; see Higgins v Goyer, 162 AD3d 1191, 1193 [3d Dept 2018]; Martin v Hayes, 105 AD3d 1291, 1292 [3d Dept 2013]; see generally Geraci v Probst, 15 NY3d 336, 344 [2010]). However, it is well established that "a statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (Martirano v Frost, [*2]25 NY2d 505, 507 [1969]; see Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209 [1983]). Said another way, an in-court statement may not be the subject of an action for any sort of defamation unless the statement is "so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" (Martirano v Frost, 25 NY2d at 508). Pertinency, examined under this "extremely liberal" test, presents a legal question amenable to determination on a motion to dismiss (Grasso v Mathew, 164 AD2d 476, 479 [3d Dept 1991], lv dismissed 77 NY2d 940 [1991], lv denied 78 NY2d 855 [1991]; see Davidoff v Kaplan, 217 AD3d 918, 920 [2d Dept 2023]; Sexter & Warmflash, P.C. v Margrabe, 38 AD3d 163, 173-174 [1st Dept 2007], abrogated on other grounds by Front, Inc. v Khalil, 24 NY3d 713 [2015]).
Accepting the facts alleged as true and according plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]), there is no reasonable view of the subject statements that would support a conclusion that Devine accused Better of engaging in a self-help eviction, as contemplated by the statutes cited by plaintiffs. As Supreme Court found, Devine's in-court statements plainly concerned Better's alleged use of credits owed to the Giffords before their competing claims regarding the condition of the property had been resolved. Devine's statements, in a small claims action to recover those same funds, was pertinent and thus absolutely privileged, and Supreme Court therefore properly dismissed plaintiffs' slander cause of action for failure to state a claim (see Bodner v Floral Assoc. L.P., 225 AD3d 564, 565 [1st Dept 2024]; Fabrizio v Spencer, 248 AD2d 351, 351-352 [2d Dept 1998]; R.W.P. Group v Holzberg, 202 AD2d 410, 410-411 [2d Dept 1994]; Poley v Rochester Community Sav. Bank, 159 AD2d 944, 944 [4th Dept 1990]). Similarly, Devine's statements cannot be construed as intending to deceive the court as to the happening of any such eviction, and plaintiffs' cause of action under Judiciary Law § 487 was therefore also properly dismissed (see generally Urias v Daniel P. Buttafuoco & Assoc., PLLC, 41 NY3d 560, 567-568, 570 [2024]).
In light of the disingenuous characterization of Devine's statements and the well-established law on the absolute litigation privilege, we agree with Supreme Court that the challenged causes of action were frivolous (see 22 NYCRR 130-1.1 [c] [1], [2], [3]). Contrary to plaintiffs' argument, there was no abuse of discretion in that determination, nor in thus awarding defendants a portion of the counsel fees incurred in defending against same (see 22 NYCRR 130-1.1 [a], [c] [1]-[3]; cf. Grasso v Mathew, 164 AD2d at 479-480).
Supreme Court also correctly found that the maximum compensatory damages plaintiffs could receive following their offset fell well within the monetary jurisdiction of Town Court (see UJCA 202; see also UJCA 1801). We have [*3]reviewed plaintiffs' appellate arguments concerning damages and, under the circumstances, see no abuse of discretion in the court's removal pursuant to NY Constitution, article VI, § 19 (a). To the extent that plaintiffs' remaining contentions are properly before us and have not been rendered academic by our holdings, they have been considered and determined to be without merit.
Defendants' request to impose financial sanctions upon plaintiffs for bringing this appeal is denied, but we find that an award of costs against Better, in the form of reimbursement for actual expenses reasonably incurred and reasonable counsel fees in responding to this appeal, is appropriate in light of his continued pursuit of these clearly frivolous claims (see 22 NYCRR 130-1.1). We therefore remit the matter to Supreme Court for the limited purpose of determining the value of such award. We caution plaintiffs that future meritless litigation concerning this matter may result in financial sanctions, authorized up to $10,000 for each occurrence of frivolous conduct (see 22 NYCRR 130-1.2).
Clark, Pritzker, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.